[Cite as *State v. Jones*, 2017-Ohio-8688.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2017-A-0057** |
| ODRAYE G. JONES a.k.a.<br>MALIK ALLAH-U-AKBAR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 1997 CR 0221.

Judgment: Appeal dismissed.

*Nicholas Iarocci,* Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Odray G. Jones,* pro se, PID# A358-112, Chillocothe Correctional Institution, 15802 State Route North 104, Chillicothe, OH 45601 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Odraye G. Jones, filed a notice of appeal on August 14, 2017. On the notice, appellant references a June 11, 1998 judgment of conviction. However, attached to the notice is a June 9, 1998 entry of the Ashtabula County Court of Common Pleas sentencing appellant to Death for the offense of aggravated murder.

{¶2} Under normal circumstances, the appeal would be inordinately untimely filed and would be dismissed by this court for lack of jurisdiction. In this case, not only

is the appeal out of time, but more importantly we lack jurisdiction to review this matter because it is a death penalty appeal.

{¶3} OH Const. Art. IV, § 3(B)(2) states in relevant part:

{¶4} "* * * [c]ourts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. * * *."

{¶5} OH Const. Art. IV, § 2(B)(2)(c) states in relevant part:

{¶6} "The supreme court shall have jurisdiction as follows:

{¶7} "In direct appeals from the courts of common pleas or other courts of record inferior to the court of appeals as a matter of right in cases in which the death penalty has been imposed."

{¶8} Appellant requests on his notice of appeal "appointment of counsel under R.C. 120.33(A) to effect (sic) an appeal of the judgment of conviction entered June [9], 1998 in the Ashtabula County Court of Common Plea in Case No. 97 CR 221." He lists a certain attorney's name and law firm to be appointed and asks for "funds for two experts for the completion of two reports which will constitute new evidence regarding actual innocence."

{¶9} However, this court lacks jurisdiction to proceed in an untimely appeal from a death penalty conviction and sentence.

{¶10} Appeal dismissed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.